United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41756
c/w No. 02-41790
c/w No. 02-41791
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELEUTERIO GRACIA-GRACIA,

Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. B:02-CR-619-1

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Eleuterio Gracia-Gracia appeals his illegal reentry conviction and the revocation of the probationary term imposed pursuant to his misdemeanor conviction for unlawful entry. He argues that the imposition of a sentence of imprisonment upon the revocation of his probationary term was plain error because he

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was not advised of the dangers of self-representation when he waived his right to counsel and pleaded guilty to unlawful entry.

Assuming <u>arguendo</u> that a direct appeal is the proper avenue for Gracia-Gracia's challenge, and that the factual questions in regard to waiver of counsel are susceptible of review, the record evidence shows that he validly waived his Sixth Amendment right to counsel. With the aid of an interpreter, the magistrate judge informed Gracia-Gracia three times of his right to appointment of counsel and explained the maximum possible sentence for his misdemeanor charge. Gracia-Gracia also signed a written waiver drafted in his native Spanish, in which he acknowledged but waived his right to appointment of counsel. Although Gracia-Gracia was arraigned in a group, had only a sixth-grade education, and could not speak English, he has never complained that he did not understand the right to counsel or the consequence of its waiver. Moreover, Gracia-Gracia was able to appreciate the value of that right during his prior adjudication on the charge of alien transportation. We therefore hold that Gracia-Gracia validly waived his Sixth Amendment right. <u>See Argersinger v. Hamlin</u>, 407 U.S. 25, 37 (1972).

Gracia-Gracia concedes that the issue whether 8 U.S.C. § 1326(b)(1)&(2) is unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), and he raises it only to preserve its further review. We must follow the precedent set

2

in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (internal quotation and citation omitted).

**AFFIRMED.**